FAUSTINA PAULIN, Plaintiff

v.

GOVERNMENT OF GUAM, Defendant

Civil No. 352-79
Superior Court of Guam
March 25, 1980

- - - - -

BENSON, Judge

## DECISION AND ORDER

This matter came before the Court on Defendant's motion to quash request for jury on March 7, 1980, before Judge Richard H. Benson. Plaintiff was represented by David Dooley, and defendant was represented by Davor Pevec and Thomas Himrod. The Court ruled to reserve decision on the motion to quash.

Plaintiff contends that §6500.15 of the Government Code, which prohibits of jury trial in claims against the Government, is repealed by §680.1 of the Code of Civil Procedure, which provides for jury trial in "all cases at law" exceeding twenty dollars ($20.00).

The general trend of authority is against an interpretation of repeal by implication. Where no inconsistency strong enough to evoke a repeal exists, a repeal by implication will not be found. It cannot be presumed that the legislature intended to undo or repeal an act to which it had but just assigned a valid function. People v. Fitzgerald, 14 Cal.App 2d 180 (1936) cert. den. 299 U.S. 593, 57 S.Ct. 115. Sutherland Statutory Construction, Vol. 1A Section 23.09.

The presumption is that the legislature intended to achieve a consistent body of law. In the absence of an irreconcilable conflict, or where two provisions of legislation are so clearly repugnant as to vital matters which they relate, courts should construe all acts harmoniously where such construction is reasonably possible. Sutherland Statutory Construction, Vol. 1A Section 23.10.

While there appears to be a conflict in consistency between the Claims Act and the Civil Procedure Code regarding jury trial, it does not appear so repugnant an inconsistency that the two provisions cannot stand together. A suit filed under the Claims Act is a very narrow and limited area for relief. The Government consents to be sued only as provided in the Act. It can not be easily construed in the absence of express language that the adoption of §680.1 of the Code of Civil Procedure necessarily implied a repeal of §6500.15 of the Government Code.

Given the above trend in statutory construction, and based on a reasonable reading of both sections together, this court grants defendant its motion to quash request for jury trial.

The motion is GRANTED.

SO ORDERED.